380 A.2d 439

**James DI SANTE and Theresa Di Sante, Appellants,**

**v.**

**RUSS FINANCIAL CO., Russ Togs, Inc., and Alan B. Portnoff.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1976.

Decided Dec. 2, 1977.

Anthony L. V. Picciotti, West Chester, for appellants.

Randy L. Sebastian, West Chester, with him Michael B. Kean, West Chester, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from an order of the court below sustaining the preliminary objections of appellee, Alan B. Portnoff, to the appellants' complaint and dismissing the complaint as to him alone. We affirm the order of the court below.

On July 3, 1975, the appellants filed a complaint in assumpsit and in trespass against Russ Financial Co., Russ Togs, Inc., and appellee, Alan B. Portnoff, alleging the following facts. On December 18, 1973, Russ Financial Co. entered a default judgment for $3,101.03 against Hober-

mans, a retail clothing store owned and operated by the appellants. Russ Financial Co., by its attorney, the appellee, then obtained a writ of execution against the appellants' business property. At that point, the appellants tendered $1,000 to the appellee as partial payment of the judgment against them, promising to pay the balance within forty-five days. By letter dated May 13, 1974, the appellee acknowledged receipt of the $1,000 payment and cautioned that " . . . unless the balance is paid within 45 days from the date of this letter, I intend to expose and hold Sheriff's Sale on the assets of defendant." Thirty days later, on June 11, 1974, the appellee conducted an execution sale of the appellants' assets. Based on these facts, the appellants alleged in assumpsit that the appellee had breached a written agreement to delay the execution sale of appellants' assets for forty-five days after receipt of the appellants' $1,000 payment. The appellants further complained in trespass that the appellee maliciously used and abused legal process to execute a sheriff's sale of the appellants' assets in violation of his agreement to delay such a sale.

On August 18, 1975, the appellee filed preliminary objections to the appellants' complaint, averring, *inter alia*,[1] that the complaint did not state a valid cause of action upon which damages could be awarded. Specifically, the appellee claimed that the appellants failed to aver any consideration passing from the appellants to the appellee in exchange for the appellee's promise to defer exposing the appellants' property to a sheriff's sale. Moreover, the appellee denied that the appellants' complaint demonstrated either malicious use or abuse of legal process. On February 19, 1976, the court below sustained the appellee's preliminary objections in the nature of a demurrer and dismissed the appellants' complaint as to him alone. The appellants now contest the propriety of the lower court's action.

1. In addition to demurring to the appellants' complaint, the appellee also filed a motion to strike the appellants' complaint for containing impertinent matter and a motion for a more specific pleading. *See* Pa.R.C.P. No. 1017.

The appellants first contend that the appellee's promise to refrain from executing a sheriff's sale of the appellants' property constituted sufficient consideration to establish a legally enforceable contract. This argument fails to recognize basic hornbook law that a legally enforceable contract requires that each contracting party supply consideration to the other. *E. g., Calamari, J. and Perillo, J., Contracts* § 567, at 131 (1970). By paying $1,000 to the appellee, the appellants did nothing other than that which they were already legally obligated to do. We find the appellants' contention without merit.

The appellants next assert that the appellee is precluded by the doctrine of promissory estoppel from denying the existence of a legally enforceable obligation. Although the doctrine of promissory estoppel is recognized as law in this Commonwealth, *e. g., Berliner v. Bee Em Mfg. Co.,* 383 Pa. 458, 119 A.2d 65 (1956); *Fried v. Fisher,* 328 Pa. 497, 196 A. 39 (1938), we find that the appellants may not now seek relief under this principle since they failed to plead all of the facts necessary to support such a claim.

The doctrine of promissory estoppel is formulated in the Restatement of Contracts § 90 (1923), as follows: "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." In the instant case, even if we assume that the appellants have demonstrated a promise by the appellee to delay an execution sale for forty-five days, the appellants' complaint does not aver what detriment they have suffered on the faith of appellee's promise. As such, the complaint is not legally sufficient to sustain a claim of promissory estoppel. *See Baker v. Rangos,* 229 Pa.Super. 333, 324 A.2d 498 (1974).

The appellants further contend that they have properly demonstrated a cause of action against the appellee for

abuse of civil process.[2] We cannot agree with this contention.

In *Dumont T. & R. Corp. v. Franklin E. Co.,* 397 Pa. 274, 154 A.2d 585 (1959), the Pennsylvania Supreme Court stated that: " 'The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it.' " *Id.* 397 Pa. at 279, 154 A.2d at 587, *quoting Publix Drug Co. v. Breyer Ice Cream Co.,* 347 Pa. 346, 348, 32 A.2d 413, 415 (1943). Under this cause of action, "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Prosser, Torts* § 100, at 669 (2d ed. 1955). Here, the appellants' complaint asserts solely that the appellee used a legally issued writ of execution as a means to seize and sell the appellants' business property to satisfy a judgment debt. The appellants have pleaded no improper use of the writ of execution. Thus, the complaint cannot sustain an action for abuse of process.

The appellants, possibly anticipating our decision as to the sufficiency of their complaint, argue also that even if their complaint was properly dismissed, the lower court erred by failing to allow them to amend their complaint so that a cause of action could have been made out upon a better statement of the facts.[3] The record, however, reveals that the appellants never requested leave from the court below to amend their complaint. As we stated in *Eastgate Enterprises, Inc., v. Bank and Trust Co. of Old York Road,* 236 Pa.Super. 503, 508–09, 345 A.2d 279, 282 (1975):

"A liberal right of amendment is afforded all litigants, Pa.R.Civ.P. 1033, and a complaint may be amended even if

2. The appellants fail to allege on appeal that their complaint supports a claim against the appellee for malicious prosecution.

3. Since the appellants did not properly present the issue for our consideration, we need not decide whether or not the defective complaint could in fact be cured.

doing so changes the cause of action, provided the statute of limitations has not run. (citation omitted) Appellant could have filed an amendment 'as of course within ten (10) days after service of a copy of preliminary objections.' Pa.R.Civ.P. 1028(c). Or it could have asked the lower court for leave to amend. Pa.R.Civ.P. 1033."

Instead, the appellants in the instant case, as did the appellant in *Eastgate Enterprises, Inc. v. Bank & Trust Co. of Old York Road, supra,* opted to appeal to this court and to ask us for leave to amend. Because the issue was not raised below, we will not consider it on appeal. *E. g., Eastgate Enterprises, Inc. v. Bank & Trust Co. of Old York Road, supra; Blose v. Martens,* 173 Pa.Super. 122, 95 A.2d 340 (1953).

The order of the court below is affirmed.