422 A.2d 1379

**Margaret M. SNAITH, Appellant,**

v.

**Robert M. SNAITH.**

Superior Court of Pennsylvania.
Argued April 15, 1980.
Filed Nov. 26, 1980.

452

Maurice A. Nernberg, Pittsburgh, for appellant.

Edward P. Weiss, Pittsburgh, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order sustaining preliminary objections and dismissing appellant's amended complaint in equity.

We may take the following facts from appellant's original complaint. Appellant and appellee were married in 1965 and are the parents of three minor children. In 1967 appellee, in partnership with his father, opened a restaurant known as Jolly Bob's. The father's interest in the partnership was transferred to appellee's mother, and in 1971, in partnership with his mother, appellee opened a second restaurant, Jolly's Old Time Doggies. Prior to 1972 appellant worked part–time in the two restaurants. In 1972 appellant and appellee agreed that appellant would no longer work in the restaurants but would devote full time to raising their children and to housework. On New Year's Eve 1976 the parties separated, appellee leaving their common abode.

In her original complaint appellant sought the following relief:

1) an accounting of all appellee's assets earned during the course of the parties' marriage and the imposition of a trust on one–half of those assets;

2) a portion of appellee's income for such term of years as is adequate to allow appellant to return to her position and raise her children;

3) the fair market value of appellant's services as a housewife, alleged to be $150,000;

4) one–half of appellee's future net earnings to the extent they exceed his present net earnings;

5) the amount appellee saved in filing joint income tax returns, alleged to be $75,000; and

6) an injunction against any transfer of assets.

The grounds asserted in support of this relief included express contract, contract implied–in–fact, contract implied–in–law, partnership, joint venture, and unjust enrichment.

Appellee filed a preliminary objection in the nature of a demurrer. In ruling on the demurrer, the lower court noted that "[a]lthough the complaint contains seven counts, plaintiff's theories actually distill into two, an implied contract and an express contract." Slip op. at 3. With respect to implied contract, the lower court held, correctly, that the law will not imply a promise to pay for services rendered by one person and accepted by another if a close family relationship exists between them. *In re Gadola's Estate*, 410 Pa. 250, 188 A.2d 744 (1963); *Mack's Estate*, 278 Pa. 426, 123 A. 462 (1924); *Gibbs' Estate*, 266 Pa. 485, 110 A. 236 (1920). At common law husband and wife were also barred from entering into an express contract. *Johnston v. Johnston's Administrator*, 31 Pa. 450 (1858). This disability has been removed by statute, 48 P.S. § 32.1, but a court will give a contract between spouses particular scrutiny because of their special relationship. *Bredt v. Bredt*, 231 Pa.Super. 65, 326 A.2d 446 (1974); *Nichols v. Nichols*, 149 Pa. 172, 24 A. 194 (1892). Here, the lower court held that although the complaint alleged an express contract between appellant and appellee, the allegations were too vague to withstand scrutiny. However, the court gave appellant permission to amend her complaint.

Appellant amended paragraph 8 of her complaint to read as follows:

"8. In 1967, the parties entered into an express oral contract under the terms of which the Defendant would maintain the restaurant business and split the income from this business so as to provide for the financial needs of the Plaintiff. The Plaintiff would be primarily responsible for maintaining the household and caring for the children, and would work only part time in the restaurant business. The terms of this agreement were ratified by the parties in numerous discussions in their home and in other places from 1967 to 1971. In 1972 the Plaintiff and Defendant modified the terms of their express oral contract. The parties then agreed, in a conversation in their home in 1972, that the Plaintiff would no longer work in the restaurant business, or perform any work for compensation, in consideration of the Defendant's promise to maintain the restaurant business and split the income so as to provide for the financial needs of the Plaintiff. The terms of this contract were ratified in numerous discussions by the parties in their home and in other places from 1972 to 1976. The Defendant also promised the Plaintiff, on numerous occasions, that in the event of his death or disability, the restaurant business would be taken over by the Plaintiff."

We note that quite apart from whether this paragraph adequately pleads an express oral contract, it makes no allegation of any breach. As regards breach, appellant evidently intended to rely on paragraph 11 of her original complaint, which went as follows:

11. The agreement of the parties constituted an express oral agreement which the Plaintiff performed and *which the Defendant breached by severing the relationship of husband and wife and removing the assets and income:* in the alternative, the relationship between the parties constituted a partnership which is implied at law or in fact; and in the alternative, the relationship between the parties constituted a joint venture, in any event, the Plaintiff is entitled to an accounting from the Defendant for all monies earned and assets accumulated during the

term of the marriage and until the date hereof, together with interest; and an adequate sum to provide for the Plaintiff from the date hereof until the Plaintiff is able to obtain a position of equal prominence with the Defendant and able to adequately support herself, her children and to obtain the position that she would have had had the Defendant not wrongfully induced her into foregoing her economic career for the social career, but based upon the representation that the Defendant would maintain the economic comfort of both of said parties.

WHEREFORE, Plaintiff prays this HONORABLE COURT impose a trust in favor of the Plaintiff and against the Defendant with respect to all assets accumulated during the course of their marriage: require an accounting of the same from the Defendant to the Plaintiff, and provide that the Defendant shall pay the Plaintiff a portion of his income for such term of years as is adequate to allow the Plaintiff to return to her position and raise her children.

(Emphasis added.)

Appellee renewed his preliminary objection and again the lower court sustained the objection, holding that "the contractual basis asserted . . . lacks the specificity and particularity which would be essential." Slip op. at 5. We agree.

It is true, as appellant argues, that not every term of a contract must always be stated in complete detail *Portnoy v. Brown*, 430 Pa. 401, 243 A.2d 444 (1963), and that a court will if possible construe a contract so as to carry into effect the reasonable intention of the parties, if that intention can be ascertained, *Rossmassler v. Spielberger*, 270 Pa. 30, 112 A. 876 (1921). However, it is also true that every element of a contract must be specifically pleaded, *Franklin Sugar Refining Co. v. Eiseman*, 290 Pa. 486, 139 A. 147 (1927), and that when an oral contract is pleaded, clarity is important, *Frey v. McLaughlin*, 10 Leb.Co.L.J. 235 (1964). Particularly is this true where, as here, the effect of the alleged express contract would be to alter the legal relationship that already existed between the parties by virtue of

their marriage. The amended complaint, however, is anything but specific and clear. If the parties really did make an express contract by which they intended to alter their legal relationship, as opposed, for example, to reaffirming their existing marital responsibilities, it should have been possible for appellant to describe the occasion more specifically than as occurring "[i]n 1967, . . ." With regard to the terms of the alleged contract, the amended complaint raises more questions than it answers. Are we to understand that appellee would have been in breach of the contract if he had chosen to leave the restaurant business for some other line of endeavor? In her brief appellant suggests that we should read the allegation, "split the income from this business to provide for the financial needs of the Plaintiff," as meaning that appellee "was to set aside exactly one–half of the income derived from the restaurant for the benefit of his wife." Appellant's Brief at 31. What if the restaurant did poorly and one–half of the income was not sufficient to provide for the "financial needs" of appellant? Was appellee to maintain the home and provide for the children out of his half, or was appellant to share, equally or otherwise, in those expenses from her half? Appellant suggests that "even if the contract between [appellee and appellant] was too indefinite for enforcement at its inception, it has now become enforceable since [appellant] has fully performed her part of the bargain." Appellant's Brief at 32. This argument–that the terms of the contract can be inferred from the conduct of the parties–hurts appellant at least as much as it helps her. For some nine years, from the making of the alleged agreement in 1967 until the parties' separation on New Year's Eve 1976, appellant evidently accepted appellee's ongoing financial support of her and their children. It is not alleged that during this period she ever objected to appellee's accumulation of assets in his name alone.

We do not suggest that the record before us demonstrates that appellant would be incapable of pleading an enforceable express contract. Although some cases hold that a court may finally dismiss an amended complaint as

representing the pleader's best effort, *e. g., Sullivan v. Gouse*, 19 Adams L.J. 206 (1978), the better view is that "the right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully." *Otto v. American Mutual Insurance Co.*, 482 Pa. 202, 205, 393 A.2d 450, 451 (1978). Here, however, appellant did not ask the lower court for permission to file a further amended complaint. Therefore, we shall not give such permission. *DiSante v. Russ Financial Co.*, 251 Pa.Super. 184, 380 A.2d 439 (1977).

In closing we note that we are aware of the real issue in this case. Appellant believes, quite possibly correctly, that her efforts contributed to the financial success of appellee as her husband, and she therefore seeks a share of the assets held in his name. What appellant seeks is, in essence, what she would be entitled to in a property settlement following a divorce granted under the Divorce Code of 1980, Act of April 2, 1980, P.L. 26, § 401. However, this is not an action under the Divorce Code; it is an action in equity filed before the Code was enacted. In arguing to us all of her theories in support of relief–other than express contract, which, as we have discussed, is insufficiently pleaded–what appellant has asked us to do is to hold that under the law as it was *before* the Code was enacted she is entitled to the same–or substantially the same–relief as under the law as it is *after* the Code was enacted. Plainly, however, that is not so; under the law as it was before the Code was enacted appellant is not entitled to the relief provided for by the Code. *See Hellman v. Hellman*, 246 Pa.Super. 536, 563–67, 371 A.2d 964, 977–979 (1977) (SPAETH, J., dissenting, collecting cases). Indeed, the fact that she is not was a principal reason for enacting the Code. The only way in which we could decide in appellant's favor would be to overrule the many cases settling the law against her, thereby declaring, in effect, that it was unnecessary for the Legislature to enact the Code. Such a declaration would be a manifest abuse of judicial power.

Affirmed.