**Edward G. TADDEI,**

v.

**Joan M. TADDEI, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1982.

Filed May 14, 1982.

Petition for Allowance of Appeal Denied Sept. 9, 1982.

Michael R. Needle, Philadelphia, for appellant.

George W. Berkelback, Philadelphia, for appellee.

Before WICKERSHAM, ROWLEY and McEWEN, JJ.

WICKERSHAM, Judge:

On September 12, 1955 Edward and Joan were married and later bought a home at 12427 Tyrone Road, Philadelphia, Pennsylvania where they raised their children. In

March of 1975 the couple separated and have not lived together as husband and wife since. Edward Taddei, appellee herein, moved to New Jersey and began divorce proceedings there. In his complaint in divorce Edward Taddei asked for a dissolution of his marriage and an equitable distribution of property acquired during the marriage. The New Jersey court granted the divorce on May 29, 1980, but made no property distribution. In November of 1980 Joan M. Taddei requested the New Jersey court to reopen the final judgment of divorce so that the marital property could be distributed. Dominick J. Ferrelli, a judge of the Superior Court of New Jersey, ruled that the New Jersey courts could not effect an equitable distribution because Joan and Edward never lived as husband and wife in New Jersey; the property involved was situated in Pennsylvania, and Mrs. Taddei never submitted to New Jersey jurisdiction by filing an answer nor an appearance.

Edward Taddei filed a complaint in equity in the Family Division of the Philadelphia Court of Common Pleas on November 17, 1980, seeking a court-ordered partition of the property at 12427 Tyrone Road; the appointment of a master to sell the Tyrone Road property; an accounting from his ex-wife for the reasonable rental value of the property since the divorce; an accounting for all assets previously held by the parties as tenants by the entireties; and finally that waste be charged to Joan and that the proceeds of sale be divided equally between them after waste was so charged. Mrs. Taddei filed an answer to Mr. Taddei's complaint and admitted that no property distribution had taken place. In her new matter she alleged that she was sick, unable to work and that a partition of the Tyrone Road property would burden her finances and destroy her failing health. By a first defense she argued that Edward's desertion with their savings should estop him from requesting partition; by a second defense she argued that partition would be inequitable. Joan Taddei also counterclaimed seeking sole ownership of the home at Tyrone Road and an equitable distribution of other marital property; an

award of support and back support; alimony, and an injunction restraining Mr. Taddei from disposing of or hiding property in his possession. As she conceded below these claims were based upon the Divorce Code enacted in 1980. 23 P.S. § 101 *et seq.* Record at 44.

Mr. Taddei then filed a preliminary objection in the nature of a motion to strike, asserting that since the parties were validly divorced partition was the exclusive remedy available with respect to the real estate. Accordingly, he argued that most of Mrs. Taddei's pleading was irrelevant based as it was on the Divorce Code *supra.* The Honorable John R. Meade sustained Edward Taddei's objections and dismissed Joan Taddei's counterclaim. Judge Meade viewed the issue in the case as whether the Divorce Code of 1980 applied retroactively and decided that the new code did not afford relief to divorced persons. He therefore dismissed Joan Taddei's counterclaim with prejudice. This appeal followed.[1]

## I. DISCUSSION

Joan Taddei's first appellate issue is:

1. Whether a Pennsylvania resident and citizen who is a defendant in a foreign divorce proceeding in which the court did not and could not determine the parties' property rights for lack of jurisdiction over such property may maintain a separate action for such relief in the courts of Pennsylvania?

She argues that the New Jersey divorce decree could not dispose of property located in Pennsylvania because the New Jersey court had no jurisdiction over her or the property. It

1. This appeal was taken by Joan M. Taddei from an Order dated July 22, 1981; the Order, by Judge Meade of the Family Court Division of the Philadelphia County Court of Common Pleas, sustained Edward G. Taddei's Preliminary Objections and dismissed Joan Taddei's New Matter, First Defense, Second Defense and Counterclaim with prejudice. An Order sustaining Preliminary Objections and dismissing a complaint is a final, appealable order. *See, Estate of Gasbarini v. Medical Center of Beaver County,* 487 Pa. 266, 409 A.2d 343 (1979). Joan Taddei filed her notice of appeal on July 28, 1981 within the 30 day period allowed by Pa.R.A.P. 903.

is true that a court cannot exercise in rem jurisdiction over property outside its own state. *See, Whitmer v. Whitmer,* 243 Pa.Super. 462, 365 A.2d 1316 (1976), *cert. denied,* 434 U.S. 822, 98 S.Ct. 67, 54 L.Ed.2d 79 (1977). Therefore, either Joan or Edward Taddei could bring an action in Pennsylvania to settle their property rights. Edward Taddei has brought such an action; the question is not whether he has the right to do so but rather whether the Divorce Code of 1980 governs his suit.

■ Joan Taddei's second issue is:

2. Whether the Divorce Code of 1980 governs such a separate action where brought after the effective date of the Act, notwithstanding the fact that the foreign divorce was decreed prior to the effective date of the Act.

She asserts that the Divorce Code of 1980, *supra* governs the rights of the parties to the property at Tyrone Road. The lower court decided the new divorce law did not apply to the case. Section 103 of the Divorce Code provides:

§ 103. Construction

The provisions of this act, so far as they are the same as those of existing laws, are intended as a continuation of such laws and not as new enactments. The provisions of this act shall apply to all cases, whether the cause for divorce or annulment arose prior or subsequent to enactment of this act. The provisions of this act shall not affect any suit or action pending, but the same may be proceeded with and concluded either under the laws in existence when such suit or action was instituted, notwithstanding the repeal of such laws by this act, or, upon application granted, under the provisions of this act. *The provisions of this act shall not apply to any case in which a decree has been rendered prior to the effective date of the act.* This act shall not affect any marital agreement executed prior to the effective date of this act or any amendment or modification thereto.

23 P.S. § 103 (emphasis supplied). The Divorce Code became effective on July 1, 1980. Mr. Taddei received a divorce decree on May 29, 1980, before the effective date of

the Divorce Code. Under the above quoted language of the Code the statute cannot apply to this case because a decree was rendered before July 1, 1980.

Mrs. Taddei believes the sentence "The provisions of this act shall not apply to any case in which a decree has been rendered prior to the effective date of the act," actually was "intended to prevent persons who had been divorced *and* had their property rights fixed by decree on the basis of pre-Divorce Code law from reopening these matters on the basis of the Act's provisions." Brief for Appellant at 14. She insists that her broad reading of § 103 is compatible with the remedial purposes of the Code, one of which is to effectuate economic justice between the parties. *See,* 23 P.S. § 102.

Yet the rules of statutory construction state, "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). The language of § 103 is explicit: the Divorce Code applies only if a decree has not been rendered prior to July 1, 1980. Mrs. Taddei was divorced before the new Code became law and cannot proceed under the Divorce Code.

In *Snaith v. Snaith,* 282 Pa.Super. 450, 422 A.2d 1379 (1980) we considered an analogous situation. Mrs. Snaith sued in equity on a theory of express and implied contract seeking, *inter alia,* an accounting of her husband's assets and imposition of a trust upon one-half of those assets, as well as an injunction against any transfer of assets, relief available under the Divorce Code. Mr. Snaith's preliminary objections were sustained and Mrs. Snaith's complaint dismissed. Similarly, Mrs. Taddei is asking for relief available only under the Divorce Code by way of a counterclaim to a suit in equity. In *Snaith,* we affirmed the lower court and said:

> In closing we note that we are aware of the real issue in this case. Appellant believes, quite possibly correctly, that her efforts contributed to the financial success of appellee as her husband, and she therefore seeks a share of the

assets held in his name. What appellant seeks is, in essence, what she would be entitled to in a property settlement following a divorce granted under the Divorce Code of 1980, Act of April 2, 1980, P.L. 26, § 401. However, this is not an action under the Divorce Code; it is an action in equity filed before the Code was enacted. In arguing to us all of her theories in support of relief ... what appellant has asked us to do is to hold that under the law as it was *before* the Code was enacted she is entitled to the same—or substantially the same—relief as under the law as it is *after* the Code was enacted. Plainly, however, that is not so; under the law as it was before the Code was enacted appellant is not entitled to the relief provided for by the Code.... Indeed, the fact that she is not was a principal reason for enacting the Code. The only way in which we could decide in appellant's favor would be to overrule the many cases settling the law against her, thereby declaring, in effect, that it was unnecessary for the Legislature to enact the Code. Such a declaration would be a manifest abuse of judicial power.

*Id.*, 282 Pa.Super. at 457, 422 A.2d at 1383.

■ Mrs. Taddei's third contention on appeal is:

3. Whether a spouse who institutes a foreign divorce proceeding, in which he prayed for equitable distribution of the parties' property and won by default, is estopped from denying the applicability of equitable distribution principles in a case commenced by him in Pennsylvania to adjudicate the parties' rights in property in consequence of the divorce but which the foreign court could not determine for lack of jurisdiction over such property?

Joan Taddei asserts that the doctrine of equitable estoppel applies to matrimonial actions and directs us to *Rosen v. Sitner*, 274 Pa.Super. 445, 418 A.2d 490 (1980). *Rosen, supra*, held that a man who marries a woman with knowledge that she had obtained a Mexican divorce is estopped from a later attack on the validity of the foreign divorce. From this case

Joan Taddei argues that her ex-husband cannot deny the applicability of equitable distribution in his Pennsylvania suit and that he should "now be estopped from contending that he wanted a divorce but did not really intend to seek or submit to an equitable distribution of the parties' property." Brief for Appellant at 19.

While it is true that Mr. Taddei sought an equitable distribution of property in his New Jersey divorce complaint it does not follow that he must seek equitable distribution in a Pennsylvania equity complaint in partition. The estoppel principle enunciated in *Rosen, supra,* would prevent Edward Taddei from attacking a New Jersey decree making an equitable distribution of property if such a decree was obtained at his request. But here, the New Jersey court did not, and indeed could not, make any property distribution because it lacked jurisdiction. Mr. Taddei is not attacking his New Jersey divorce or asserting that equitable distribution was unavailable under New Jersey law. He merely asserts that under the law of Pennsylvania, the only forum with jurisdiction over the subject property, equitable distribution is not applicable. That he took a position consistent with the law of New Jersey when he sought a divorce there does not estop him from taking a position consistent with the law of Pennsylvania as he seeks a partition here.

Finally, Joan Taddei argues:

4. Whether the court below acted properly in dismissing defendant's counterclaim for equitable distribution with prejudice, assuming the Divorce Code of 1980 does not apply to this case, where defendant had a cause of action for an accounting and partition of property jointly held by the parties which could have been made in an amended Counterclaim?

Review of the record shows that Mrs. Taddei made no effort to amend her counterclaim or ask the trial court for leave to amend her counterclaim to state a cause of action

for an accounting. As was well said in *Di Sante v. Russ Financial Co.*, 251 Pa.Super. 184, 380 A.2d 439 (1977):

> The appellants . . . argue also that even if their complaint was properly dismissed, the lower court erred by failing to allow them to amend their complaint so that a cause of action could have been made out upon a better statement of the facts.[3] The record, however, reveals that the appellants never requested leave from the court below to amend their complaint. As we stated in *Eastgate Enterprises, Inc. v. Bank and Trust Co. of Old York Road*, 236 Pa.Super. 503, 508–09, 345 A.2d 279, 282 (1975):
>
> > "A liberal right of amendment is afforded all litigants, Pa.R.Civ.P. 1033, and a complaint may be amended even if doing so changes the cause of action, provided the statute of limitations has not run. (citation omitted) Appellant could have filed an amendment 'as of course within ten (10) days after service of a copy of preliminary objections.' Pa.R.Civ.P. 1028(c). Or it could have asked the lower court for leave to amend. Pa.R.Civ.P. 1033."
>
> Instead, the appellants in the instant case, as did the appellant in *Eastgate Enterprises, Inc. v. Bank & Trust Co. of Old York Road, supra,* opted to appeal to this court and to ask us for leave to amend. Because the issue was not raised below, we will not consider it on appeal. *E.g., Eastgate Enterprises, Inc. v. Bank & Trust Co. of Old York Road, supra; Blose v. Martens,* 173 Pa.Super. 122, 95 A.2d 340 (1953).
>
> ---
> [3] Since the appellants did not properly present the issue for our consideration, we need not decide whether or not the defective complaint could in fact be cured.

*Id.,* 251 Pa.Super. at 189–90, 380 A.2d at 441–42.

*See also, Snaith v. Snaith, supra.*

Following these cases, we will not consider this issue, unraised below.

Order affirmed.