Paul COTTONE, Petitioner,

v.

Catherine COTTONE, Respondent.

Family Court of Delaware,
New Castle County.

Submitted: November 24, 1987.
Decided: May 2, 1988.

Lois J. Dawson, Wilmington, for petitioner.

Daniel F. Kelleher, Wilmington, for respondent.

OPINION

GALLAGHER, Judge.

Petitioner (husband) is seeking ancillary relief following the entry of a divorce decree. Respondent (wife) has challenged the authority of this Court to dispose of ancil-

lary matters without having acquired *in personam* jurisdiction over her even though service of process was effected upon her by publication and certified mail pursuant to 13 *Del.C.* § 1508(b) and (d) quoted as follows:

> If the petition avers that it is unlikely that jurisdiction can be acquired over respondent except by mailing and publication, or by publication only, whether respondent is a resident or a nonresident of this State, jurisdiction may be acquired over respondent by mailing and publication, or by publication only, under subsection (d) of this section.

> \* \* \* \* \* \*

> When service is to be made upon respondent by mailing and publication, the Clerk of the Family Court shall:

> (1) Send a copy of the summons, petition and any affidavit to respondent by registered or certified mail, return receipt requested, to the address that petitioner had averred it is most likely that mail will be received by respondent; and

> (2) Cause a notice in the form prescribed by subsection (e) of this section to be published once in a newspaper of general circulation in the county where the action is pending.

> If petitioner has averred that he knows of no address where it is most likely that mail will be received by respondent there shall be no mailing.

> No further notice shall be required unless the Court, deeming the circumstances exceptional, requires further notice.

## I.

Husband filed a petition in this Court on December 30, 1986 seeking a divorce on grounds of incompatability. The petition recites that husband is a Delaware resident and that wife is a resident of Allentown, Pennsylvania. Prayer (b) is as follows:

> Retain jurisdiction on the parties for determination of entitlement of relief on ancillary matters, including equitable division of marital property, alimony, child support, child custody, attorney's fees, and costs of this action; and

The praecipe directs that:

> Since the petitioner avers that it is unlikely that jurisdiction can be acquired over respondent other than by mailing or publication, please send a copy of the summons and petition by certified or registered mail to the respondent at the address specified in the petition and also publish notice as provided in 13 *Del.C.* § 1508.

Notice of the divorce action was published in the Wilmington, Delaware News–Journal papers on January 8, 1987 and was sent certified mail to wife on January 3, 1987. Wife acknowledged receipt of such notice by signing the certified mail receipt on January 13, 1987.

On March 2, 1987 a divorce decree was granted by this Court. A letter to the Court from husband's attorney dated August 7, 1987 refers to three letters from Bruce W. Weida, Esquire, wife's Pennsylvania counsel to husband's attorney dated March 10, March 10 and February 6, 1987 with the last letter containing the following paragraph:

> I have been advised by Delaware counsel that since an answer was not filed to your divorce petition, we are unable to object in any way to the granting of the divorce decree. However, according to our previous conversation, we agreed that the court in its decree would retain jurisdiction over those ancillary matters set forth in your divorce petition. Please have your client review the proposed schedule and advise me whether or not it is agreeable to him.

A pre-trial conference respecting ancillary matters was scheduled for August 17, 1987 but was cancelled by a master of this Court who stated that:

> An examination of the file revealed a letter from the husband's attorney. The letter asked for a continuance of the Pre-Trial Conference since the custody and vistiation issues are being heard in a Pennsylvania Court. Apparently, the parties appear to think that other ancillary matters will be concluded once the

custody and visitation matters are resolved.

On April 16, 1987 husband filed his Rule 465 Financial Report for ancillary relief. No such filing was made by wife.

On September 21, 1987 wife moved specially for the Court to dismiss the ancillary proceedings alleging (1) lack of jurisdiction over the person, (2) insufficiency of process and (3) insufficiency of service of process.

In a letter to counsel dated October 22, 1987 the Court asked counsel to address certain legal questions. The last submission from counsel was received on November 24, 1987.

This case presents a question of first impression in Delaware. The closest, relevant authority is *Powell v. Powell*, Del. Supr., No. 100, 1986, Walsh, J. (October 3, 1986) [516 A.2d 483 (table)]; but the Court in that decision made it clear that no ruling was being made with respect to the question now before this Court (pg. 6):

> Since the record supports the Family Court's conclusion that the husband was a resident of Delaware at the time the wife filed her divorce petition, and the Family Court correctly interpreted the application of 13 *Del.C.* § 1508 to resident respondents, we need not, and do not, address the question of whether substituted service under that provision suffices to give the Family Court *in personam* jurisdiction over nonresident respondents who have merely 'minimum contacts' with Delaware

## II.

■ Husband does not contend that wife has entered a general appearance in the action. While correspondence by Pennsylvania counsel for wife with Delaware counsel for husband indicates that it was intended that this Court would retain jurisdiction over ancillary matters, that agreement was never effectuated by the parties. It appears that the parties were negotiating for a partial settlement or accommodation which somehow aborted. I find that wife has never appeared personally in this action.

## III.

In support of his argument that this Court has jurisdiction to grant ancillary relief in this case, husband claims that the divorce specifically views dissolution of the marriage and distribution of assets derived through the marriage as one action involving the status of the parties. See, 13 *Del. C.* § 1513. Husband says "unquestionably, it was the intention of the legislature that the status of the marital property be viewed as a part of the dissolution of the marriage". Husband argues further that 13 *Del.C.* § 1513 contemplates an overriding importance to the state to resolve all incidents derived from the marriage in one proceeding. Finally, husband argues that the Court has jurisdiction over respondent by virtue of her receipt of the registered mail notice and a copy of the divorce petition revealing husband's intentions and prayers for relief. Husband cites authorities which he believes support his contentions.

I have reviewed the authorities cited by husband. *Husband M. v. Wife M.*, Del. Supr., 321 A.2d 115 (1974) and *B.J.S. v. R.W.S.*, Fam.Ct. File No. 1689–79, Gallagher, J. (July 17, 1980), are inapposite. In those cases all of the parties were domiciliaries of Delaware, and the court had personal jurisdiction over the parties. Neither are *International Collection Service, Inc. v. Gibbs*, 147 Vt. 105, 510 A.2d 1325 (1986), *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Levin v. Shapiro By Levin*, 309 Pa.Super. 223, 455 A.2d 130 (1983) or *Leighton v. Leighton*, 122 N.H. 721, 449 A.2d 1213 (1982), applicable to the question before me. Where a court has *in personam* jurisdiction over a respondent it is obviously desirable for the court that grants the divorce to hear and resolve ancillary matters.

Wife contends that the doctrine of "divisible divorce" creates a bilateral exercise of jurisdiction. She asserts that while a court has the power to grant a divorce decree *ex parte* without *in personam* jurisdiction over the respondent it has no authority to

resolve economic and property rights arising from the marital *res.*

■ Existing authority clearly establishes that a Court must have *in personam* jurisdiction over a non-resident respondent in a divorce action before it may distribute property or resolve financial matters incident to the divorce, H. Clark, *The Law of Domestic Relations in the United States, 2d,* Pgs. 756–757, 767, 769, and 771 (1987), *Altman v. Altman,* 282 Md. 483, 386 A.2d 766, 769 (1978), *Robertson v. Robertson,* 164 Conn. 140, 318 A.2d 106, 108 (1972). As the United States Supreme Court stated in *Vanderbilt v. Vanderbilt,* 354 U.S. 416, 418, 77 S.Ct. 1360, 1362, 1 L.Ed.2d 1456 (1957) "... It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Personal jurisdiction is also necessary if the financial and property related aspects of a divorce action are to be accorded full faith and credit by other states, H. Clark, *supra.* at 757. The Supreme Court further stated in *Estin v. Estin,* 334 U.S. 541, 546, 68 S.Ct. 1213, 1217, 92 L.Ed. 1561 (1948), that, "... The fact that the requirements of full faith and credit, so far as judgments are concerned, are exacting, if not inexorable, ... does not mean, however, that the State of the domicile of one spouse may, through the use of constructive service, enter a decree that changes every legal incidence of the marriage relationship."

■ When a non-resident respondent has not been served personally or otherwise appeared in a divorce action jurisdiction over such non-resident may be obtained for divorce purposes by mailing and publication pursuant to 13 *Del. C.* § 1508(b) and (d) and for relief ancillary to the divorce provided such respondent has "the minimum contacts" with the State as defined by the Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). As was stated in *Powell v. Powell,* Del.Fam., C.A. No. 701, 1984, Wakefield, J. (March 18, 1986), page 7:

The Court, therefore, holds that substituted service under 13 *Del. C.* § 1508(d) is

sufficient to confer jurisdiction to grant ancillary relief over property both within and without the State of Delaware where both parties are residents of this State at the time of the commencement of the action providing that the other statutory jurisdictional requirements are satisfied. Where the respondent is a non-resident of the State of Delaware, the same statute is sufficient to confer jurisdiction over respondent provided that he also has the "minimum contacts" with this state as required by *International Shoe* and its progency. The motion to dismiss is, therefore, denied.

■ While this Court has jurisdiction to grant a divorce after mailing and publication of process, the marital status being *in rem,* the same is not true with respect to resolution of ancillary matters which require *in personam* jurisdiction. Wife is not before this Court *in personam.* It clearly appears that she has had no contacts, minimum or otherwise, with Delaware. Compare, *Prybolsky v. Prybolsky,* Del.Fam., 430 A.2d 804 (1981).

Husband has chosen Delaware and this Court to afford him marital and ancillary relief. He might have chosen Pennsylvania as providing a proper forum for these purposes. He is charged with knowledge of the law in the premises. Wife has been brought to Delaware, a jurisdiction foreign to her, for resolution of all marital rights, privileges and obligations. Certainly, she could have chosen to accept husband's "invitation" to litigate ancillary matters in Delaware; but, as is her right, she allowed the divorce aspect to go forward without opposition while acting to preserve to herself the right to litigate ancillary matters in the State of Pennsylvania. If a respondent were denied that protection a petitioner might resort to "forum shopping" in an effort to find a jurisdiction where the law would be most advantageous to petitioner and least advantageous to respondent.

■ As will be evident from the following cases, Pennsylvania requires that *in personam* jurisdiction be obtained over the Pennsylvania respondent before ancillary

matters incident to the divorce may validly be determined.

The Pennsylvania Superior Court addressed this issue in *Taddei v. Taddei,* 299 Pa.Super. 318, 445 A.2d 773 (1982). In that case, the husband had obtained a divorce in New Jersey but the court refused to make a property distribution because of the lack of personal jurisdiction over the wife, and the fact that the property in question was located in Pennsylvania. The Pennsylvania court agreed with the New Jersey court's determination that it lacked jurisdiction and then stated that either party could bring an action in Pennsylvania to settle the ancillary matters, 445 A.2d at 775. The Pennsylvania court again dealt with the issue in *Cheng v. Cheng,* 347 Pa.Super. 515, 500 A.2d 1175 (1985). In that case the husband was granted a divorce in South Carolina, but the court refused to resolve the economic and property disputes between the parties. The South Carolina court stayed its proceedings and "advised" the parties to resolve their claims in Pennsylvania because Pennsylvania had jurisdiction over the property. The Pennsylvania court agreed stating, "... the South Carolina court properly refused to decide any financial or property issues because property matters in a divorce case fall within the jurisdiction of the state where that property is located," 500 A.2d at 1180. The court in *Cheng* also stated that jurisdiction was founded upon 23 *P.S.* § 401(c) as well as the location of the marital property, 500 A.2d at 1181. That part of Section 401(c) which the *Cheng* court quoted reads as follows:

> In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require....

500 A.2d at 1178.

The Pennsylvania court went even further in *Coleman v. Coleman,* 361 Pa.Su-

per. 446, 522 A.2d 1115, at 1119 (1987), when it ruled that Pennsylvania had jurisdiction to adjudicate economic and property rights incident to a foreign divorce, even where the respondent appeared before the foreign court. The Pennsylvania courts seem to use the location of the marital property in conjunction with sections 102, 301(a), and 401(c) of Title 23 of the Pennsylvania Code to assert jurisdiction over a party who has been divorced *ex parte* or has appeared in a foreign divorce action but owns property located in Pennsylvania.

### IV.

It is clear that this Court does not have *in personam* jurisdiction over wife and therefore no authority to decide the economic and property related matters incident to the parties' divorce.* Were I to presume authority to decide such matters, the Pennsylvania courts would most likely deny the Delaware judgment full faith and credit since wife was and is not personally before this Court. See, Pennsylvania Divorce Code, *23 P.S.* § 506, dealing with enforcement of foreign decrees.

After full consideration of the facts and applicable law it is my conclusion that this Court has no authority to enter an order deciding ancillary matters (except to dismiss them) that would be binding upon wife. Therefore, husband's prayers for ancillary relief are DISMISSED. Presumably, both parties are free to seek ancillary relief in the proper Pennsylvania court.

---

* This Court only has that jurisdiction and authority granted to it by the legislature. *Eberly v.* *Eberly,* Del.Supr., 489 A.2d 433 (1985).