IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah R. Hargy Malloy and  :
Edward C. Malloy  :
          Appellants  :
   :
     v.  :  No. 213 C.D. 2023
   :
Hon. Barry C. Dozor  :  Submitted: February 6, 2024

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                             FILED: April 9, 2024

In this appeal, Appellants Deborah R. Hargy Malloy and Edward C. Malloy (collectively Appellants) challenge the Court of Common Pleas of Delaware County's (Common Pleas) December 29, 2021 order, through which Common Pleas sustained Appellee Hon. Barry C. Dozor's (Appellee)[1] preliminary objections to Appellants' "Amended (Third) Complaint" (Third Amended Complaint) and dismissed that action with prejudice. Upon review, we affirm Common Pleas December 29, 2021 order.

## I. Background

On March 29, 2021, Appellants filed an abuse of process action against Appellee in Common Pleas, to which Appellee responded by filing preliminary objections. Thereafter, the parties engaged in a repetitious dance of sorts, whereby Appellants would file a new, slightly revised version of their complaint, thereby rendering moot Appellee's existing preliminary objections, only to have Appellee respond by submitting a new round of preliminary objections. Eventually, Appellants filed their Third Amended Complaint, which is the subject of this appeal,

---

[1] Appellee is a Common Pleas judge. *See* Reproduced Record (R.R.) at 3a.

on July 21, 2021. Therein, Appellants semi-coherently allege that Appellee has abused the legal process by ruling upon Appellants' motion to disqualify him from a case despite his lack of jurisdictional authority to do so, as well as by repeatedly challenging several other lawsuits filed by Appellants in Common Pleas via preliminary objections;[2] Appellants characterize the arguments put forth by Appellee in those preliminary objections as being entirely spurious and improper. R.R. at 3a-19a.

On November 24, 2021, Appellee responded to the Third Amended Complaint via preliminary objections. Specifically, Appellee argued that Appellants' action should be dismissed for several reasons. First, Appellants' claims were barred by judicial immunity. *Id.* at 56a-61a. Second, Appellants' claims were barred by sovereign immunity. *Id.* at 61a-63a. Third, Appellants had failed to plead a legally viable abuse of process claim against Appellee. *Id.* at 63a-67a. Finally, Appellants' lawsuit was an impermissible collateral attack upon previous rulings made by Appellee. *Id.* at 67a-69a. Appellants then filed preliminary objections of their own, through which they requested that Common Pleas strike Appellee's preliminary objections "for failure to conform to law or rule of court." *Id.* at 71a-85a.

On December 29, 2021, Common Pleas overruled Appellants' preliminary objections, sustained Appellee's preliminary objections, dismissed Appellants' Third Amended Complaint with prejudice, and precluded Appellants from filing a

---

[2] Those underlying lawsuits revolve around Appellants' belief that Appellee, a Common Pleas judge, has repeatedly failed to comply with the administrative case disposition reporting requirements imposed upon him by Pennsylvania Rule of Judicial Administration 703, Pa. R.J.A. 703. *See* R.R. at 3a-16a.

2

fourth amended complaint.[3] *Id.* at 105a. Appellants appealed this ruling to our Court shortly thereafter.

## II. Discussion

Appellants' arguments are difficult to parse, as they are not coherently articulated in their brief, but we interpret them as falling into two categories. First, Common Pleas erred when it determined that Appellants had failed to state a viable abuse of process claim against Appellee. Appellants' Br. at 10-15. Second, Common Pleas also erred by concluding that Appellee was immune from Appellants' abuse of process suit. *Id.* at 12-13, 16-18.

We need only address Appellants' first argument to resolve this appeal.[4] "To prove a claim for abuse of process, the plaintiff must show that the defendant used a

---

[3] On September 14, 2022, Common Pleas issued an opinion, in which it explained that it had sustained Appellee's preliminary objections on the bases of demurrer and immunity. *See* R.R. at 120a-22a.

[4]     "Our standard of review in [an] appeal arising from an order
        sustaining preliminary objections in the nature of a demurrer is *de
        novo*, and our scope of review is plenary." *Raynor v. D'Annunzio*,
        243 A.3d 41, 52 (Pa. 2020). A "demurrer is a preliminary objection
        to the legal sufficiency of a pleading and raises questions of law[.]"
        *Raynor*, 243 A.3d at 52. [A court can] sustain a demurrer only when
        the law undoubtedly precludes recovery; if doubt exists, [a court]
        should overrule the demurrer. *Bilt-Rite Contractors, Inc. v. The
        Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005). "When ruling
        on a demurrer, a court must confine its analysis to the complaint."
        *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). "Thus,
        the court may determine only whether, on the basis of the plaintiff's
        allegations, he or she possesses a cause of action recognized at law."
        *Fraternal Order of Police Lodge No. 5 by McNesby v. City of Phila.*,
        267 A.3d 531, 541 (Pa. Cmwlth. 2021).

*RT Partners, LP v. Allegheny Cnty. Off. of Prop. Assessment*, 307 A.3d 801, 805 n.6 (Pa. Cmwlth. 2023) (cleaned up).

legal process against them primarily to accomplish a purpose for which the process was not designed." *Morley v. Farnese*, 178 A.3d 910, 919 (Pa. Cmwlth. 2018).

> The common law tort of abuse of process involves the perversion of legal process after it has begun in order to achieve a result for which the process was not intended. Abuse of process has been described by the Supreme Court as the "use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process." In order to state a cause of action for abuse of process it must be alleged that the defendant used a legal process to accomplish a purpose for which the process was not designed. The classic example is the initiation of a civil proceeding to coerce the payment of a claim completely unrelated to the cause of action sued upon. It is not enough that the defendant had bad or malicious intentions or that the defendant acted from spite or with an ulterior motive. Rather, there must be an act or threat not authorized by the process, or the process must be used for an illegitimate aim such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action.

*Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1024-25 (Pa. Cmwlth. 2014) (quoting *Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 191-92 (Pa. Super. 1994)). "There is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Di Sante v. Russ Fin. Co.*, 380 A.2d 439, 441 (Pa. Super. 1977) (quoting WILLIAM PROSSER, TORTS, § 100, at 669 (2d ed.1955)) (cleaned up).[5]

Given this framework, it is plainly evident that Appellants failed to articulate a viable abuse of process claim in this matter against Appellee. The gravamen of Appellants' lawsuit consists of two assertions. First, Appellants claim that Appellee has filed preliminary objections in other, related proceedings that contain entirely

---

[5] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

spurious arguments, including that Appellee was immune from suit and Appellants failed to state claims for which legal relief could be granted. *See* R.R. at 3a-19a. Those arguments, however, are of the type which defendants often raise at the preliminary objection stage, in order to short-circuit pending litigation early on, and are regularly adjudicated at that point by trial courts.[6] Where, as here, such

---

[6] Strictly speaking, immunity must be raised as an affirmative defense in new matter, rather than by preliminary objection. Pa. R.Civ.P. 1030(a). This is not an ironclad rule, though.

> "Should a plaintiff wish to contest the defense on this procedural ground, the plaintiff must file a preliminary objection to the preliminary objection." *Orange Stones*, 87 A.3d at 1022.

> When a party responds to the preliminary objections, instead of challenging the procedure by filing its own preliminary objections, the party has waived any challenge to the form of pleading the defense. *See Feldman v. Hoffman*, 107 A.3d 821 (Pa. Cmwlth. 2014). Generally, however, when not objected to in preliminary objections, courts have been moving away from this strict interpretation and it is now currently accepted that immunity is a defense that may be raised by preliminary objection "when to delay a ruling thereon would serve no purpose." *Faust v. Dep't of Revenue*, 592 A.2d 835, 838 n.3 (Pa.Cmwlth. 1991). *But see Rufo v. Bastian-Blessing Co.*, 207 A.2d 823 (Pa. 1965) (trial court may only consider immunity defense raised by preliminary objection if plaintiff does not object).

> Further, "Pennsylvania courts have long recognized a limited exception to this rule and have allowed parties to plead the affirmative defense of immunity as a preliminary objection where the defense is clearly applicable on the face of the complaint." *Feldman*, 107 A.3d at 829-30 (emphasis added) (citing string of cases); *see also Logan v. Lillie*, 728 A.2d 995 (Pa. Cmwlth. 1999) (involving suit against judicial defendants and successful assertion of judicial immunity). In fact, "[w]here, however, the asserted affirmative defense is clearly applicable on the face of the complaint, the court will consider it unless the plaintiff advances some reason, 'other than prolonging the matter,' to defer consideration." *Firearm Owners Against Crime v. City of Harrisburg*, 218 A.3d 497, 515 (Pa. Cmwlth. 2019) (quoting

**(Footnote continued on next page…)**

5

arguments are made in the normal course of litigation and carried to their "authorized conclusion," they cannot form the basis for a viable abuse of process claim, even if those arguments were put forth "with bad intentions." *Di Sante*, 380 A.2d at 441. Second, Appellants claim that Appellee improperly ruled upon their motion to disqualify him from a case despite his lack of jurisdiction to do so. However, the record clearly reflects that Appellee dismissed that motion as moot because another judge had already been assigned to handle the underlying case going forward; in other words, *Appellants had already been provided with the relief they had sought through their motion*. *See* R.R. at 26a-27a, 35a (Common Pleas' December 29, 2021 order and subsequent opinion). We fail to see how Appellee's dismissal of Appellants' motion was, under the circumstances, anything more than recognition of the obvious, rather than an abuse of process. Accordingly, we conclude that Common Pleas did not commit an error of law by sustaining Appellee's preliminary objections on the basis of demurrer.

### III. Conclusion

In light of the foregoing analysis, we affirm Common Pleas' December 29, 2021 order.

---

*Feldman*, 107 A.3d at 835) (when method of raising immunity defense challenged, upheld overruling of preliminary objection because immunity was not clear on face of complaint).

*Chasan v. Platt*, 244 A.3d 73, 80-81 (Pa. Cmwlth. 2020) (cleaned up).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Deborah R. Hargy Malloy and | : | |
| Edward C. Malloy | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 213 C.D. 2023 |
| | : | |
| Hon. Barry C. Dozor | : | |

**PER CURIAM**

## O R D E R

AND NOW, this 9th day of April, 2024, it is hereby ORDERED that the Court of Common Pleas of Delaware County's December 29, 2021 order is AFFIRMED.