**Thomas Scott LOGAN, Appellant,**

v.

**Debra K. LILLIE, sued individually; John Rufe, Family law judge sued in his official and individual capacity for equitable relief; Suzanne Logan, sued individually; all sued jointly and severally.**

Commonwealth Court of Pennsylvania.

Argued March 9, 1999.
Decided April 13, 1999.

---

2. Act of July 1, 1937, P.L. 2532, *as amended,* 77 P.S. §§ 1051–1066.

Brian M. Puricelli, Newton, for appellant.

John B. Kalinkos, Perkasie, for appellee, Suzanne Logan.

Before McGINLEY, J., PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue on appeal is whether the Court of Common Pleas of Bucks County (trial court) erred in sustaining the preliminary objections of the all three (3) defendants (Appellees here) in the above captioned case. This Court holds that the claim for damages against Debra Lillie (Lillie) is barred by the doctrine of judicial immunity; the trial court did not have authority to grant the equitable relief sought in the complaint; and the complaint failed to state a cause of action against Suzanne Logan. Therefore, we affirm the decision of the trial court.

The facts in this case are as follows. Appellant Thomas Logan (Father) and Appellee Suzanne Logan (Mother) were married and had one daughter. Mother and Father then separated and Mother had primary custody of the parties' daughter. Father had partial custody and visitation rights.

On September 19, 1996, Mother filed an emergency custody petition in the Court of Common Pleas of Bucks County. The petition alleged that her daughter had redness in her vaginal area and that the daughter informed Mother that Father had sexually assaulted her during his last visitation. The petition also alleged that after the daughter was examined by their family doctor, the doctor contacted Children and Youth Services (CYS). Mother sought to temporarily suspend Father's visitations or have supervised visitations between Father and his daughter until CYS completed its investigation into the allegations. Father responded with a "Petition/Complaint For/To Modify Custody with Petition for Contempt".

Appellee John Rufe is a judge in the Court of Common Pleas of Bucks County. Upon receipt of Mother's emergency petition, Judge Rufe ordered both Mother and Father to appear at a conference before a custody master.

On September 20, 1996, a conference was held before Custody Master, Appellee Debra Lillie. Mother and Father were unable to reach any settlement as to the custody arrangement pending the full custody hearing that was scheduled in front of Judge Rufe on September 26, 1996. Lillie prepared and submitted to Judge Rufe a three-page report summarizing the positions of both Mother and Father and recommended that an order be entered suspending contact between Father and his daughter until the September 26, 1996 hearing. Judge Rufe followed the recommendation of Lillie and entered the appropriate order.

On September 26, 1996, Mother and Father were informed that CYS determined that the sexual abuse allegations against Father were "unfounded". As a result, the parties agreed to return to their prior custody arrangement. Judge Rufe entered an order renewing the prior custody arrangement and provided that Father would be provided "make-up" visitation for any missed visitation. All parties agreed to this order on the record and no appeal was taken.

On September 30, 1996, Father filed an action in the United States District Court for the Eastern District of Pennsylvania naming

Judge Rufe, Lillie, and Mother as defendants. The complaint was dismissed for lack of subject matter jurisdiction on May 27, 1997, and the District Court's decision was affirmed by the Third Circuit Court of Appeals.

Father then filed this suit with this Court, however, we transferred it back to the trial court, finding a lack of jurisdiction.

On transfer back to the Court of Common Pleas of Bucks County, this case was assigned to President Judge Garb. At the trial court level, all three defendants raised preliminary objections to the complaint, which raised affirmative defenses. All preliminary objections were sustained by the trial court, which completely dismissed the complaint. Father appealed the trial court's decision to this Court.

■ On appeal,[1] Father argues that the trial court erred in sustaining the preliminary objections of all three defendants and dismissing the complaint. We disagree.

The complaint is fashioned in five counts. Count I is founded upon an asserted deprivation of due process; Count II upon an asserted deprivation of liberty/association; Count III upon an asserted deprivation of equal protection of the law. Each of these counts is pursuant to 42 U.S.C. § 1983. Count IV is founded upon an asserted violation of state constitutional rights, and Count V is based upon abuse and/or malicious use of civil process and emotional distress. The complaint seeks both equitable relief and money damages.

This Court will first consider the claims for money damages against Lillie.[2]

■ First, although Pa.R.C.P. No. 1030 provides affirmative defenses are to be raised as new matter, if it is clear from the face of the complaint that a suit is barred by the defense of immunity the case may be dismissed on preliminary objections. *Wurth by Wurth v. City of Philadelphia,* 136 Pa. Cmwlth. 629, 584 A.2d 403 (1990). The rationale for this exception is to avoid unnecessary delay if the complaint is clearly barred by the doctrine of immunity. In the case at bar, both Judge Rufe and Lillie are judicial officers so it was proper for the trial court to consider the doctrine of immunity on preliminary objections.

■ Second, this Court holds that Lillie, acting as child custody conference officer is entitled to the protection of judicial immunity. Lillie is a duly appointed Domestic Relations Officer acting in a quasi-judicial role pursuant to Pa. R.C.P. No.1915.4-2. The doctrine of judicial immunity is applicable not only to judges but to those who perform judicial functions and act as an arm of the court. *See Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

■ Third, judges are immune from liability when the judge has jurisdiction over the subject matter before him and he is performing a judicial act. *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not clear absence of all jurisdiction over the subject matter and person. *Feingold v. Hill,* 360 Pa.Super. 539, 521 A.2d 33 (1987).

■ Father does not allege that either Judge Rufe or Lillie acted in any manner other than in their official capacity. Lillie, acting as a conference officer, conducted a conference where both Mother and Father attended and Lillie submitted a report and recommendation to Judge Rufe pursuant to Pa. R.C.P. No.1915.4-2.[3] Based on Lillie's recommendation, Judge Rufe temporarily

---

1. Our scope of review of a trial court order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *Rok v. Flaherty,* 106 Pa.Cmwlth. 570, 527 A.2d 211 (1987), *appeal denied,* 517 Pa. 628, 538 A.2d 880 (1988).

2. Appellant does not argue on appeal that he is entitled to money damages from Judge Rufe.

3. Appellant claims that no record was made at the conference held on September 20, 1996 and that denied him due process. However, the trial court does not utilize "hearing officers" as set out in Pa. R.C.P. No.1915.4-1. Rather, the more informal procedure of office conferences pursuant to Pa. R.C.P. No.1915.4-2 is used.

suspended Father's visitation rights pursuant to Pa.R.C.P. No.1915.13, which gives a judge broad authority to order special relief.

This Court holds that since Lillie was acting under her judicial authority and there was jurisdiction over the subject matter any claim for money damages against her is barred by the doctrine of judicial immunity.

The next issue is whether the trial court erred in granting the preliminary objections, which dismissed the part of Father's complaint that sought equitable relief.

■ In the complaint Father sought equitable relief in the form of a declaratory judgment that the actions of Judge Rufe and Lillie were unconstitutional. Father also sought an injunction preventing Judge Rufe and Lillie from using "ex parte procedure to terminate parental rights."

It is first noted that Father's parental rights were never terminated. Rather, pursuant to Pa.R.C.P. No.1915.13 Judge Rufe temporarily suspended visitation between Father and his daughter until a full hearing was held to determine the validity of the allegations against Father. This Court recognizes that custody rights implicate constitutional protections, however "this right is obviously not absolute and is balanced against the state's interest in protecting children reasonably suspected of being abused." *Callahan v. Lancaster–Lebanon Intermediate Unit,* 880 F.Supp. 319, 332 (E.D.Pa.1994).

It is also noted that a full hearing was held before Judge Rufe in a timely basis at which time Father's visitation was reinstated. Father, represented by counsel, fully agreed on the record to the resolution determined at the hearing and no appeal was taken.

■ If Father sought to contest the constitutionality of the procedures followed by Lillie and Judge Rufe that are set forth in the Rules of Civil Procedure the proper procedure would have been to take an appeal of Judge Rufe's decisions to an appellate court. Father cannot get a declaratory judgment from President Judge Garb, sitting as a trial court judge, holding that the actions of Judge Rufe and Lillie were unconstitutional because that is asking one trial court judge to overrule the decisions made by another trial court judge. President Judge Garb correctly dismissed the claims seeking review of Judge Rufe's decisions because judges of coordinate jurisdiction sitting in the same case cannot overrule each other's decisions. *Golden v. Dion and Rosenau,* 410 Pa.Super. 506, 600 A.2d 568 (1991). The decisions made by Judge Rufe in this matter must remain undisturbed since no appeal of those decisions was taken. *Id.*

■ Also, the trial court could not grant injunctive relief enjoining other state court judges from following the Rules of Civil Procedure. This suit was not a class action, therefore Father does not have standing to represent all individuals who may be subject to the process in the future. *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

Father argues he has standing because his petition to modify was never acted on, and therefore he continues to be subject to the process, which he argues deprived him of his rights. However, at the September 26, 1996 custody hearing Mother and Father agreed to reinstate their prior custody arrangement. Both parties stated on the record that it was their intention to return to the prior custody arrangement and that Father would receive make-up visitation. That agreement, which was made an order of the court, resolved any custody dispute that was before the court.

Father also argues he has standing to seek an injunction because he is a resident of Bucks County and therefore may be subject to the same process in the future. That argument was specifically rejected in *Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

In *Lyons* a citizen filed a complaint seeking an injunction against the City of Los Angeles and four of its police officers. The complaint alleged that the citizen was stopped by the police and without provocation the police seized the citizen and applied a chokehold. Citizen sought an injunction against the use of chokeholds when the police were not threatened with death or serious bodily injury. The Supreme Court of the United States held the citizen did not have standing to seek the preliminary injunction.

The court reasoned that the citizen did not establish a real and immediate threat that the citizen would again be stopped by the police who would apply the chokehold without provocation. The court also reasoned that citizen's claim of future injury did not fulfill the requirement for equitable relief that there be irreparable injury shown by a real or immediate threat that the plaintiff will be wronged again.

In the case at bar, Father can not establish that there is a real and immediate threat that he will be wronged in the future. Father can not demonstrate that he is immediately in danger of sustaining some direct injury as a result of the challenged rules of civil procedure. Any threat Father faces is conjectural or hypothetical.

Therefore, the trial court did not error in sustaining the preliminary objections as they related to the equitable relief sought by Father.

The next issue is whether the trial court erred in sustaining the preliminary objections of Mother and dismissing the complaint against her.

■ Counts I through IV of Father's complaint allege violations of due process, equal protection of law, liberty and association, and state constitutional rights. Those counts of the complaint do not state a cause of action against Mother because she is not a state actor. She is not the employee, agent or officer of any government agency. To have a viable Section 1983 claim, the conduct complained of must have been committed by a person acting under color of state law. *Pokrandt v. Shields,* 773 F.Supp. 758 (E.D.Pa.1991). Therefore, the trial court was correct in sustaining Mother's preliminary objections with respect to Counts I through IV.

■ Count V of Father's complaint alleges Mother committed the tort of wrongful use of civil proceedings. The tort of wrongful use of civil proceedings is found in 42 Pa.C.S. § 8351 which provides a person who takes part in procurement, initiation or con-

tinuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings if:

1. He acts in a grossly negligent manner or without probable cause and primarily for the purpose other than that of securing the proper discovery, joinder of parties, or adjudication of the claim in which the proceedings are based; and

2. The proceedings have been terminated in favor of the person against whom they are brought.

The trial court found that these elements were not plead in the complaint. We agree.

The only proceeding Mother initiated against Father was an emergency custody petition after her minor child informed her that Father had sexually assaulted her. The petition sought to suspend visitations or have supervised visitations between the child and Father until such time when CYS completed its investigation into the allegations. The temporary suspension of visitations was recommended by the Custody Master and made an order of the court by Judge Rufe.

These facts fail to state a claim for wrongful use of civil process against Mother. First, the petition did not terminate in Father's favor because his visitation rights were temporary suspended. Second, Judge Rufe must have determined that Mother had probable cause for bringing the petition because he granted the emergency petition and Father did not appeal that determination. Finally, there is no indication that Mother brought the petition for any reason other than protection of her daughter.[4]

Therefore, the trial court did not error by sustaining the preliminary objections of Mother with regard to the claim of misuse of civil process.

■ Finally, all Appellees request attorney fees and costs against Thomas Logan pursuant to 42 Pa.C.S. § 2503(7) and Pa. R.A.P. 2744. Given the frivolous and harassing nature of Thomas Logan and his attorney, we grant Appellees' request for attor-

---

4. This *Court* need not address whether Appellant suffered any damage having "missed" one visita-

tion that was "made up" the following weekend.

neys' fees and cost against Thomas Logan and his attorney. We remand this matter to the trial court to determine the costs and attorney fees of all Appellees to be paid by Thomas Logan and his attorney jointly and severally.

On September 26, 1996, at a hearing scheduled before Judge Rufe, Father had every opportunity to address any concerns he had with respect to the custody of his daughter and the emergency petition brought by Mother. Instead, Father asked Judge Rufe to accept the agreement reached by himself and Mother which should have disposed of the matter. At the hearing Father was asked by his attorney if he wished to return to the prior custody arrangement and have an extra weekend visitation with his daughter to make-up for the missed visitation. Father agreed to both.

Within a week of the September 26, 1996 hearing Father started this action which has been ongoing for three years and has been before four courts, this Court twice. This Court now holds that this action is barred on the face of the complaint. Therefore, we hold that cost and attorney's fees should be awarded.

### ORDER

AND NOW, this 13 th day of April, 1999, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed. Debra K. Lillie's, John Rufe's and Suzanne Logan's application for attorney's fees and costs is granted. This matter is remanded to the Court of Common Pleas of Bucks County for the calculation of reasonable attorney's fees and costs against Thomas Scott Logan and his attorney jointly and severally pursuant to Pa. R.A.P. 2744.

Jurisdiction relinquished.