IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mr. Tony Zanders,                          :
                    Appellant               :
                                            :
        v.                                  :     No. 734 C.D. 2016
                                            :     Submitted: July 20, 2018
Judge Gerald M. Bigley                      :


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                      FILED: October 29, 2018

Tony Zanders, *pro se*, appeals an order of the Court of Common Pleas of Allegheny County (trial court) that dismissed his complaint for tort damages against the Honorable Judge Gerald M. Bigley (Retired). The trial court held that to the extent the complaint requested a release from custody, it was untimely under the Post Conviction Relief Act.[1] It also held that the request for monetary damages was frivolous because Judge Bigley had judicial immunity and because the complaint did not state a cause of action. Discerning no error in the trial court's determination, we affirm.

Zanders is incarcerated at State Correctional Institution (SCI) Benner Township. On October 27, 2015, he filed a form complaint bringing claims for "false imprisonment, slave trade, human trafficking, malicious persecution and prosecution." Complaint at ¶3. The complaint seeks damages of $29,097,539 and Zanders' immediate release from custody.

The complaint does not contain any factual averments. In his appeal, however, Zanders directs the Court to a six-page email attached to the complaint,

---

[1] 42 Pa. C.S. §§9541-9546.

dated January 22, 2006. The author and recipient of the email are named but their connection to Zanders is unknown.[2] Zanders calls the email an "Investigative Journalist Report." Notice of Appeal ¶10(G). Zanders complains that the trial court erred in not considering this email attachment to his complaint.

The email recounts that Zanders was arrested in 1981 for the murder of his brother, Ernest Richards, and that Judge Bigley presided over his criminal jury trial. At trial, Zanders sought to suppress his inculpatory statements to police on grounds, *inter alia*, that a police officer coerced the statements by hypnosis and other means. Judge Bigley denied the suppression motion. Zanders was convicted on July 30, 1982, and sentenced to life imprisonment by Judge Bigley. Since 1981, Zanders has maintained his innocence. According to the email, another individual, whose fingerprints were found on the body and who drove the murder victim's car for several days after the murder, was never investigated. Further, Zanders produced an alibi witness. Family members, who once believed Zanders to be guilty, no longer do.

On December 18, 2015, the trial court issued a "Notice of Intention to Dismiss Pleading Containing Claim Under P.C.R.A." Original Record, Item No. 4 at 1. The Notice stated that on July 6, 1984, the Superior Court affirmed Zanders' life sentence. Since then, Zanders has filed several Post Conviction Relief Act petitions. All have been denied. The Notice further stated that because Zanders was seeking relief from continued incarceration, his so-called complaint would be treated as a petition under the Post Conviction Relief Act and be dismissed as time-barred. Finally, the Notice stated that the claim for money damages was frivolous because Judge Bigley has judicial immunity.

---

[2] The email was sent by Bridget DiCosmo to Bill Moushey.

On January 11, 2016, the trial court issued an order dismissing the complaint for the reasons stated in the Notice of Intention to Dismiss. Zanders' request to proceed *in forma pauperis* was dismissed as moot.

Zanders appealed to the Superior Court, which transferred his appeal to this Court. On appeal,[3] Zanders complains that the trial court erred because he seeks recompense for violations of his constitutional rights for which, he argues, there is no judicial immunity. He believes he has a default judgment because Judge Bigley did not file a timely answer. Zanders further argues that he filed a civil complaint not a Post Conviction Relief Act petition.

Judge Bigley, by the Administrative Office of Pennsylvania Courts, responds that because Zanders sought leave to proceed *in forma pauperis*, the trial court was authorized to dismiss the claim as frivolous even without an answer. Further, the trial court correctly found Zanders' complaint to be frivolous. Judge Bigley argues that to the extent Zanders seeks release from custody, his claim is time-barred under the Post Conviction Relief Act. To the extent he seeks monetary damages, his claim is barred by judicial immunity.[4]

*In forma pauperis* applications are governed by the Pennsylvania Rules of Civil Procedure. Rule No. 240(j)(1) states as follows:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if

---

[3] Our review determines whether constitutional rights were violated, whether the trial court abused its discretion, and whether the trial court committed an error of law. *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015).

[4] The Administrative Office of Pennsylvania Courts observes that the complaint lacks factual averments. As such, on its face, it fails to state a viable claim.

3

the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

PA. R.C.P. NO. 240(j)(1). "The courts define a frivolous action or proceeding as one 'lack[ing] an arguable basis either in law or in fact.'" *Whitaker v. Wetzel*, 170 A.3d 568, 573 (Pa. Cmwlth. 2017) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Judicial immunity protects judicial officers from lawsuits arising from judicial acts. This Court has explained the doctrine as follows:

> [J]udges are immune from liability when the judge has jurisdiction over the subject matter before him and he is performing a judicial act…. Judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not clear absence of all jurisdiction over the subject matter and person….

*Logan v. Lillie*, 728 A.2d 995, 998 (Pa. Cmwlth. 1999) (internal citations omitted). Judicial immunity protects a judge from damage suits even where it is alleged that the judge acted with malice or convicted a defendant of a non-existent crime. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Only a "clear absence of jurisdiction" can dissolve immunity. *Guarrasi v. Scott*, 25 A.3d 394, 405 n.11 (Pa. Cmwlth. 2011).

Pennsylvania Rule of Civil Procedure No. 240(j)(1) authorized the trial court, *sua sponte*, to review Zanders' complaint and dismiss it as frivolous.[5] Here,

---

[5] Technically, judicial immunity is an affirmative defense. PA. R.C.P. NO. 1030(a). Here, the trial court raised it *sua sponte*. However, "a governmental party is permitted to raise immunity at any time in the process, even at the appellate stage, because the defense is non-waivable." *Taylor v. City of Philadelphia*, 692 A.2d 308, 313 (Pa. Cmwlth.), *aff'd,* 699 A.2d 730 (Pa. 1997). Here, the Administrative Office of Pennsylvania Courts has raised the defense of judicial immunity on behalf of Judge Bigley in its brief to this Court and the operative facts establish that the defense

4

Zanders' claims against Judge Bigley were based on rulings he made while presiding over a criminal trial, over which Judge Bigley unquestionably had jurisdiction. His rulings constituted judicial acts. *Logan*, 728 A.2d at 998-99. Accordingly, the trial court properly concluded that Judge Bigley is immune from Zanders' claims and dismissed the complaint as frivolous.

Because the complaint seeks Zanders' release from custody, the trial court treated the complaint as a petition presented under the Post Conviction Relief Act. The trial court held that because Zanders' 1982 life sentence was affirmed by the Superior Court on July 6, 1984, his petition was time-barred.

Section 9545 of the Post Conviction Relief Act sets forth the statute of limitations for seeking post-conviction relief. It states, in relevant part, as follows:

> [(b)](1) *Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that*:
>
>> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

applies. *Compare Dyer v. Meacham* (Pa. Cmwlth., No. 2055 C.D. 2016, filed February 13, 2018) (unreported) (noting that judicial immunity is non-waivable but noting that a court-appointed psychologist's claim for judicial immunity required a hearing).

5

*(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.*

*(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.*

42 Pa. C.S. §9545(b)(1)-(3) (emphasis added). Thus, Zanders had one year from the date his judgment became final to file a petition, 42 Pa. C.S. §9545(b)(1), and his judgment became final at "the conclusion of direct review," which was on July 6, 1984. The time for seeking post-conviction relief has passed.

As recited above, the period for filing a petition for post-conviction relief can be extended in some circumstances such as where the petitioner can prove interference by government officials; the facts underlying the claim were unknown during the one-year period; or a constitutional right not recognized by the courts until after the one-year period was extinguished and is determined to apply retroactively. 42 Pa. C.S. §9545(b)(1)(i)-(iii). Zanders' complaint, or petition, does not assert any of these exceptions. As such, the time for filing cannot be extended. Therefore, the trial court did not err in holding that Zanders' claim is time-barred under the Post Conviction Relief Act.

Accordingly, the order of the trial court is affirmed.[6]

---

[6] Additionally, on March 28, 2016, Zanders filed an application for reconsideration of the Superior Court's Order of March 10, 2016, dismissing his application for a stay of his appeal as moot. Zander requested a stay because he believed an arbitration action was still pending before the trial court. The Superior Court denied the stay for the stated reason that there was no pending arbitration action. Because the application for reconsideration offers no support for the assertion that there is pending arbitration action, we deny his application for reconsideration.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mr. Tony Zanders,                    :
                Appellant       :
                           :
          v.                          :     No. 734 C.D. 2016
                           :
Judge Gerald M. Bigley            :

**PER CURIAM**                **O R D E R**

AND NOW, this 29th day of October, 2018, the order of the Court of Common Pleas of Allegheny County, dated January 11, 2016, in the above-captioned matter is AFFIRMED.

Appellant's application for reconsideration of an order of the Superior Court, dated March 10, 2016, is DENIED.