IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah R. Hargy Malloy and     :
Edward C. Malloy,     :
        Appellants     :
     :
     v.     : No. 197 C.D. 2023
     :
Hon G. Michael Green, Barry C.     :
Dozor, Nicole A. Feigenbaum and     :
H. Geoffrey Moulton     : Submitted: February 6, 2024

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM          FILED: April 9, 2024

In this appeal, Appellants Deborah R. Hargy Malloy and Edward C. Malloy (collectively Appellants) challenge the Court of Common Pleas of Delaware County's (Common Pleas) September 20, 2022 order, through which Common Pleas sustained Appellees Hon G. Michael Green, Barry C. Dozor, Nicole A. Feigenbaum, and H. Geoffrey Moulton's (collectively Appellees)[1] preliminary objections to Appellants' Second Amended Complaint and dismissed that action with prejudice. Upon review, we affirm.

## I. Background

On May 16, 2022, Appellants filed an abuse of process action against Appellees in Common Pleas, to which Appellees responded by filing preliminary objections. Appellants then filed an Amended Complaint, followed by their Second Amended Complaint on August 2, 2022, which is the subject of this appeal. Therein, Appellants confusingly allege that Appellees have abused the legal process, by

---

[1] As will be discussed *infra*, each appellee is, or was, employed by our Commonwealth's judiciary.

repeatedly challenging several other lawsuits filed by Appellants in Common Pleas via preliminary objections;[2] Appellants characterize the arguments put forth by Appellees in those preliminary objections as being entirely spurious and improper. R.R. at 4a-36a.

On August 15, 2022, Appellees responded to the Second Amended Complaint via preliminary objections. Specifically, Appellees argued that Appellants' action should be dismissed for several reasons. First, Appellants failed to state legally viable abuse of process claims in their lawsuit. *Id.* at 157a-63a. Second, Common Pleas lacked jurisdiction over Appellants' action, because it simply repackaged Appellants' previously made assertions regarding Judges Dozor and Green's putative noncompliance with Pennsylvania Rule of Judicial Administration 703, claims over which our Supreme Court had original jurisdiction. *Id.* at 163a-64a. Third, Appellants lacked standing to pursue their claims. *Id.* at 164a-66a. Fourth, Appellants had failed to state a legally viable conspiracy claim. *Id.* at 166a-67a. Fifth, Appellants' claims were barred by sovereign immunity, as each Appellee was a Commonwealth official who had been acting within the scope of their official

---

[2] Those underlying lawsuits revolved around Appellants' belief that Dozor and Green, who are both Common Pleas judges, have repeatedly failed to comply with the administrative case disposition reporting requirements imposed upon them by Pennsylvania Rule of Judicial Administration 703. *See* Reproduced Record (R.R.) at 5a-51a; Pa. R.J.A. 703 (judges in this Commonwealth are required to submit biannual reports to the Administrative Office of Pennsylvania Courts' (AOPC) Court Administrator, in which they must list all matters which have been assigned to them and have remained undecided for 90 or more days). Moulton was the AOPC's Court Administrator at the time Appellants filed suit, but retired from this position on September 30, 2023. *See Pennsylvania Supreme Court Announces Upcoming Retirement of State Court Administrator Geoff Moulton*, THE UNIFIED JUD. SYS. OF PA. (Apr. 25, 2023), https://www.pacourts.us/news-and-statistics/news/news-detail/1134/pennsylvania-supreme-court-announces-upcoming-retirement-of-state-court-administrator-geoff-moulton. Feigenbaum is an attorney with the AOPC, who represented Dozor, Green, and Moulton in those lawsuits, and is Appellees' attorney of record in this appeal. *See* R.R. at 51a-57a; Appellees' Br. at 35.

duties. *Id.* at 167a-69a. Sixth, Appellants' claims were barred by the doctrine of judicial privilege. *Id.* at 169a-71a. Finally, Appellants' action, to the extent it was lodged against Judges Dozor and Green, was barred by judicial immunity. *Id.* at 171a-74a.

On September 20, 2022, Common Pleas sustained Appellees' preliminary objections, dismissed Appellants' Second Amended Complaint with prejudice on the basis that Appellants had failed to state legally viable abuse of process claims therein, and precluded Appellants from filing a third amended complaint. *Id.* at 176a; *see id.* at 189a-90a (Common Pleas' opinion, in which it reiterated that it had sustained Appellees' preliminary objections on the basis of demurrer). Appellants appealed this ruling to our Court shortly thereafter.

## II. Discussion

Appellants' arguments are difficult to parse, as they are not coherently articulated in their brief, but we interpret them as falling into two categories. First, Common Pleas erred by concluding that Appellees were immune from Appellants' abuse of process suit. Appellants' Br. at 11-14, 21. Second, Common Pleas also erred when it determined that Appellants had failed to state a viable abuse of process claim against Appellees. *Id.* at 10-11, 14-22.[3]

---

[3] "Our standard of review in [an] appeal arising from an order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary." *Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020). A "demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law[.]" *Raynor*, 243 A.3d at 52. [A court can] sustain a demurrer only when the law undoubtedly precludes recovery; if doubt exists, [A court] should overrule the demurrer. *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005). "When ruling on a demurrer, a court must confine its analysis to the complaint." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). "Thus,

**(Footnote continued on next page…)**

3

Appellants' first argument is mystifying. Even a cursory review of Common Pleas' September 20, 2022 order and its subsequent two-page-long opinion in support thereof reveals that Common Pleas did not sustain Appellees' preliminary objections in this matter on the basis of immunity. *See* R.R. at 176a, 189a-90a. Given this, it is entirely unclear why Appellants would devote a significant portion of their brief to rebut a ruling that Common Pleas never made.

As for Appellants' second argument, it is no more meritorious than their first. "To prove a claim for abuse of process, the plaintiff must show that the defendant used a legal process against them primarily to accomplish a purpose for which the process was not designed." *Morley v. Farnese*, 178 A.3d 910, 919 (Pa. Cmwlth. 2018).

> The common law tort of abuse of process involves the perversion of legal process after it has begun in order to achieve a result for which the process was not intended. Abuse of process has been described by the Supreme Court as the "use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process." In order to state a cause of action for abuse of process it must be alleged that the defendant used a legal process to accomplish a purpose for which the process was not designed. The classic example is the initiation of a civil proceeding to coerce the payment of a claim completely unrelated to the cause of action sued upon. It is not enough that the defendant had bad or malicious intentions or that the defendant acted from spite or with an ulterior motive. Rather, there must be an act or threat not authorized by the process, or the process must be used for an illegitimate aim

---

> the court may determine only whether, on the basis of the plaintiff's allegations, he or she possesses a cause of action recognized at law."
> *Fraternal Order of Police Lodge No. 5 by McNesby v. City of Phila.*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021).

*RT Partners, LP v. Allegheny Cnty. Off. of Prop. Assessment*, 307 A.3d 801, 805 n.6 (Pa. Cmwlth. 2023) (cleaned up).

> such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action.

*Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1024-25 (Pa. Cmwlth. 2014) (quoting *Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 191-92 (Pa. Super. 1994)). "There is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Di Sante v. Russ Fin. Co.*, 380 A.2d 439, 441 (Pa. Super. 1977) (quoting WILLIAM PROSSER, TORTS § 100, at 669 (2d ed.1955)) (cleaned up).[4]

Given this framework, it is plainly evident that Appellants failed to articulate a viable abuse of process claim in this matter against Feigenbaum, Judges Dozor or Green, or Moulton. The gravamen of Appellants' lawsuit is that Appellees have filed preliminary objections in other, related proceedings that contain entirely spurious arguments, including that Common Pleas could not exercise jurisdiction over those matters; Appellees were immune from suit; Appellants lacked standing to pursue their actions; and Appellants failed to state claims for which legal relief could be granted. *See* R.R. at 4a-36a. Those arguments, however, are of the type which defendants often raise at the preliminary objection stage, in order to short-circuit pending litigation early on, and are routinely adjudicated at that point by trial courts.[5]

---

[4] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[5] Strictly speaking, immunity must be raised as an affirmative defense in new matter, rather than by preliminary objection. Pa. R.Civ.P. 1030(a). This is not an ironclad rule, though.

> "Should a plaintiff wish to contest the defense on this procedural ground, the plaintiff must file a preliminary objection to the preliminary objection." *Orange Stones*, 87 A.3d at 1022.

> When a party responds to the preliminary objections, instead of challenging the procedure by filing its own preliminary objections,

**(Footnote continued on next page…)**

Where, as here, such arguments are made in the normal course of litigation and carried to their "authorized conclusion," they cannot form the basis for a viable abuse of process claim, even if those arguments were put forth "with bad intentions." *Di Sante*, 380 A.2d at 441. Accordingly, we conclude that Common Pleas did not commit an error of law by sustaining Appellees' preliminary objections on the basis of demurrer.

---

the party has waived any challenge to the form of pleading the defense. *See Feldman v. Hoffman*, 107 A.3d 821 (Pa. Cmwlth. 2014). Generally, however, when not objected to in preliminary objections, courts have been moving away from this strict interpretation and it is now currently accepted that immunity is a defense that may be raised by preliminary objection "when to delay a ruling thereon would serve no purpose." *Faust v. Dep't of Revenue*, 592 A.2d 835, 838 n.3 (Pa.Cmwlth. 1991). *But see Rufo v. Bastian-Blessing Co.*, 207 A.2d 823 (Pa. 1965) (trial court may only consider immunity defense raised by preliminary objection if plaintiff does not object).

Further, "Pennsylvania courts have long recognized a limited exception to this rule and have allowed parties to plead the affirmative defense of immunity as a preliminary objection where the defense is clearly applicable on the face of the complaint." *Feldman*, 107 A.3d at 829-30 (emphasis added) (citing string of cases); *see also Logan v. Lillie*, 728 A.2d 995 (Pa. Cmwlth. 1999) (involving suit against judicial defendants and successful assertion of judicial immunity). In fact, "[w]here, however, the asserted affirmative defense is clearly applicable on the face of the complaint, the court will consider it unless the plaintiff advances some reason, 'other than prolonging the matter,' to defer consideration." *Firearm Owners Against Crime v. City of Harrisburg*, 218 A.3d 497, 515 (Pa. Cmwlth. 2019) (quoting *Feldman*, 107 A.3d at 835) (when method of raising immunity defense challenged, upheld overruling of preliminary objection because immunity was not clear on face of complaint).

*Chasan v. Platt*, 244 A.3d 73, 80-81 (Pa. Cmwlth. 2020) (cleaned up).

## III. Conclusion

In light of the foregoing analysis, we affirm Common Pleas' September 20, 2022 order.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah R. Hargy Malloy and   :
Edward C. Malloy,   :
            Appellants   :
   :
      v.   : No. 197 C.D. 2023
   :
Hon G. Michael Green, Barry C.   :
Dozor, Nicole A. Feigenbaum and   :
H. Geoffrey Moulton   :

**PER CURIAM**

# O R D E R

AND NOW, this 9th day of April, 2024, it is hereby ORDERED that the Court of Common Pleas of Delaware County's September 20, 2022 order is AFFIRMED.