# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stanley E. Kornafel, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 39 M.D. 2023 |
| | : | Submitted: November 7, 2024 |
| The Pa. Courts of Common Pleas, | : | |
| Delaware County, No. 2015-CV-003254; Judge Christine F. Cannon; | : | |
| Judge G. Michael Green; John J. | : | |
| Whelan, current judge and lawyer for | : | |
| Plaintiff, George A. Pagano; Scott D. | : | |
| Galloway, Esq., plus Borough of | : | |
| Prospect Park inspection department, | : | |
| and John Cepis, code officer, Prospect | : | |
| Park, Pa., | : | |
| Respondents | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED:  December 24, 2024

Before the Court are preliminary objections filed by the Delaware County Court of Common Pleas, the Honorable Christine Fizzano Cannon, the Honorable Michael G. Green, the Honorable John J. Whelan, the Honorable George A. Pagano, and the Honorable James Bradley (collectively, Judicial Respondents) to the Amended Petition for Review (Amended Petition) filed by Stanley E. Kornafel (Petitioner).  Judicial Respondents assert they are entitled to various forms of immunity, and, thus, the Amended Petition should be dismissed as to them.  Upon careful review of the pleadings and the parties' briefs, we agree.

Petitioner initiated this action in the Court's original jurisdiction by filing a Petition for Review (Original Petition) on January 19, 2023. Therein, Petitioner appears to allege, among other things, that Judicial Respondents colluded or conspired with the other respondents in a civil dispute between Petitioner and his landlord. Relevantly, Petitioner avers he was denied access to the courts and his First and Fourteenth Amendment rights to free speech and due process[1] were violated based on Judicial Respondents' processes, procedures, and rulings during the course of the litigation. On October 4, 2023, Petitioner filed the Amended Petition correcting the names of some of the parties and changing the relief requested.

Judicial Respondents filed preliminary objections asserting various immunity defenses.[2] Specifically, Judicial Respondents argue that the common pleas courts are state entities and the judges thereof are state officials entitled to Eleventh Amendment immunity against any federal claims.[3] Similarly, under what is commonly referred to as the Sovereign Immunity Act, 42 Pa.C.S. §§ 8521-8523, Judicial Respondents assert they would be immune from any state law claims as entities, officers, and employees of the Commonwealth government. They further argue that the enumerated exceptions to sovereign immunity in 42 Pa.C.S. § 8522, do not apply to the Unified Judicial System, citing *Russo v. Allegheny County*, 125

---

[1] U.S. CONST. amends. I & XIV.

[2] "[A]lthough Pa.R.C[iv].P. [] 1030 provides affirmative defenses are to be raised as new matter, if it is clear from the face of the complaint that a suit is barred by the defense of immunity the case may be dismissed on preliminary objections." *Logan v. Lillie*, 728 A.2d 995, 998 (Pa. Cmwlth. 1999). "The rationale for this exception is to avoid unnecessary delay if the complaint is clearly barred by the doctrine of immunity." *Id.* Furthermore, the defense of immunity may be raised via preliminary objection providing there is no objection thereto. Here, Petitioner did not file preliminary objections to Judicial Respondents' preliminary objections challenging the assertion of immunity. *Page v. Rogers*, 324 A.3d 661, 671 n. 13 (Pa. Cmwlth. 2024).

[3] U.S. CONST. amend. XI.

A.3d 113, 118 (Pa. Cmwlth. 2015). Moreover, Judicial Respondents assert the individual Judicial Respondents would be entitled to absolute, judicial immunity as the challenged actions were taken in their judicial capacities. Finally, Judicial Respondents argue that collateral estoppel bars Petitioner's claims in this action, as the only place those rulings could have been challenged was in the landlord-tenant action or on appeal therefrom.

In response, Petitioner reasserts the alleged factual basis of his claims and argues the merits of those claims while not specifically addressing the immunity arguments, writing "[d]eceit since fails to state of what parts of the record immunity applies leaving the matter to guessing and false assumptions." ("Petitioner's Responsive Answer to . . . Preliminary Objections" (Answer) at 3; *see generally* Petitioner's Brief.)[4, 5]

When ruling on preliminary objections, the Court must accept all well-pleaded factual allegations as true, along with any inferences reasonably deduced therefrom. *Neely v. Dep't of Corr.*, 838 A.2d 16, 19 n.4 (Pa. Cmwlth. 2003). The Court is not bound, however, "by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review." *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018). Preliminary objections should not be sustained unless it "appear[s] with certainty that the law

---

[4] Petitioner also moves to "squash" the preliminary objections, citing various Federal Rules of Civil Procedure, which are not applicable to this action in our Court. (*See* Answer at 1.)

[5] Petitioner separately filed a document entitled, "Causes on Scrimination [sic] and Objecting to [Judicial] Respondents Preli[m]inary [Objections] and support of [Judicial] Res[p]ondent[s' Preliminary] Objections to Petitioner's Amended Petition . . . Plus Legal Support to Petitioner['s] Complaint" on December 27, 2023, which the Court struck by order dated February 28, 2024, as unauthorized. Petitioner also filed a "Response to Respond[e]nts No Brief of Support of Their Preliminary Objections" on February 15, 2024, which we dismissed as moot and as unauthorized by order dated March 4, 2024.

3

will not permit recovery and any doubt should be resolved by a refusal to sustain them." *Neely*, 838 A.2d at 19 n.4.

We begin with the claim of immunity under the Eleventh Amendment, which "bars federal lawsuits against states and their agencies unless sovereign immunity has been expressly waived" and "extends to a state official acting in his or her official capacity." *Flagg v. Int'l Union, Sec., Police, Fire Pros. of Am., Loc. 506*, 146 A.3d 300, 306-07 (Pa. Cmwlth. 2016). Courts have been held to be an instrumentality of the Commonwealth for purposes of Eleventh Amendment immunity. *Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 238 (3d Cir. 2005); *Russo*, 125 A.3d at 117. Thus, any federal claims against Judicial Respondents are barred and this preliminary objection is sustained.

As for state law claims against Judicial Respondents, these claims are also barred. "[T]he Commonwealth, and its officials and employees acting within the scope of their [official] duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. § 2310. While the General Assembly has waived immunity in certain circumstances, in *Russo*, we held that "sovereign immunity has not been waived with respect to the courts of the unified judicial system." 125 A.3d at 118. Therefore, we sustain this preliminary objection.

Moreover, as we recently reaffirmed, "[j]udges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over the subject matter and person." *Page v. Rogers*, 324 A.3d 661, 672 (Pa. Cmwlth. 2024) (citation omitted). This immunity applies to both immunity from damages and immunity from suit. *Id.* For judicial immunity to apply, there must be

4

jurisdiction and a judicial act. *Chasan v. Platt*, 244 A.3d 73, 81 (Pa. Cmwlth. 2020) (citation omitted). There is no allegation or suggestion that the Court of Common Pleas of Delaware County, and consequently the judges thereof, lacked jurisdiction over the landlord-tenant matter between Petitioner and his landlord, which forms the basis of the claims here. Furthermore, "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Petition of Dwyer*, 406 A.2d 1355, 1361 (Pa. 1979). There can also be no dispute that the acts of the individual Judicial Respondents were judicial in nature as they allegedly occurred during the course of the litigation over which they presided. Even accepting as true the allegations of fraud and conspiracy, as we must at this procedural stage, under the law, the individual Judicial Respondents would still be entitled to absolute immunity. *Page*, 324 A.3d at 672. Therefore, we sustain the preliminary objection on this basis.

Because we sustain all of Judicial Respondents' preliminary objections based on immunity, we dismiss the Amended Petition against Judicial Respondents.[6] Further, because we no longer have ancillary jurisdiction over the claims against the remaining respondents, we transfer those claims to the Delaware County Court of Common Pleas.

_____
**RENÉE COHN JUBELIRER,** President Judge

Judge Fizzano Cannon did not participate in this decision.

---

[6] Given our disposition, we need not address the remaining preliminary objection.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stanley E. Kornafel,
                     Petitioner

                 v.

The Pa. Courts of Common Pleas, Delaware County, No. 2015-CV-003254; Judge Christine F. Cannon; Judge G. Michael Green; John J. Whelan, current judge and lawyer for Plaintiff, George A. Pagano; Scott D. Galloway, Esq., plus Borough of Prospect Park inspection department, and John Cepis, code officer, Prospect Park, Pa.,
                     Respondents

                           No. 39 M.D. 2023

## O R D E R

**NOW**, December 24, 2024, the preliminary objections based on immunity filed by the Delaware County Court of Common Pleas, the Honorable Christine Fizzano Cannon, the Honorable Michael G. Green, the Honorable John J. Whelan, the Honorable George A. Pagano, and the Honorable James Bradley (collectively, Judicial Respondents) are **SUSTAINED**. The remaining preliminary objection is **DISMISSED AS MOOT**. The Amended Petition for Review filed by Petitioner Stanley E. Kornafel is **DISMISSED** as to Judicial Respondents.

The claims against the remaining respondents over whom the Court no longer has ancillary jurisdiction are **TRANSFERRED** to the Court of Common Pleas of Delaware County pursuant to Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103.

 

                             _____

                             **RENÉE COHN JUBELIRER,** President Judge